SPRINGFIELD RENTAL AGENCY, INC., APPELLEE, *v.* FIETELSON, APPELLANT.

(No. 551—Decided November 22, 1958.)

*Messrs. Gardner, Acton & Ronemus,* for appellee.

*Mr. Edgar H. Hale* and *Mr. William H. Thornburgh,* for appellant.

HORNBECK, P. J. This is an appeal from a decree enjoining defendant from operating certain equipment in his place of business other than equipment owned by the plaintiff, and to remove from his place of business certain equipment not owned by plaintiff, presently located in said place of business, and from interfering with the operation by plaintiff of any automatic phonographs or other coin operated equipment in defendant's place of business; and from a judgment in favor of the plaintiff against the defendant in the sum of $850 and costs.

The issues joined were submitted to a three-judge court which agreed to a finding and decision conformable to the above decree and judgment. Before the decision had been journalized, one of the judges, the Honorable Robert E. Riegel, died, and another judge, the Honorable Huber A. Beery, was named in his stead. Thereafter, the decision which was predicated upon

specific findings of fact and conclusions of law was journalized, and a motion for new trial was filed, heard and overruled. Defendant noted an appeal on questions of law and fact and filed his appeal bond. Thereafter, in this court, the appeal was reduced to questions of law.

Appellant in his assignments of error sets up two grounds:

1. The court erred in the rejection of testimony offered by the defendant during the course of the trial.

2. The judgment is against the manifest weight of the evidence, and is contrary to law.

An examination of the bill of exceptions discloses no rejection of testimony offered by the defendant which could substantially affect his defense to the causes of action of the plaintiff.

Upon the second assignment of error, two questions were propounded: One, the proper construction of the written contract between the parties, and, two, if the written contract contemplated that the defendant could install his own equipment in his place of business, did he own the equipment so placed?

Upon both of these propositions the court found against the defendant. It held that by the terms of the contract, in the light of the circumstances attending its execution, plaintiff was granted the exclusive right to the placing of its machines in defendant's place of business and the right to "peaceably and quietly hold, occupy, and enjoy said premises during said term without any let, hindrance, or molestation by said lessor, his heirs, successors or assigns, or any person lawfully claiming under it or them." Conclusions of fact Nos. 13 and 10.

We have examined the contract together with the specific findings of fact and conclusions of law and are satisfied that they are correct in every particular.

It is not necessary to again state and discuss the 22 specific findings of fact and 11 conclusions of law embodied in the transcript, other than to say that they are well supported.

When the court properly found that the contract contemplated that the plaintiff was to have a lease on the premises where defendant operated his place of business for the purpose of placing and operating the equipment described in the contract and that this right was exclusive and operated against defendant as well as any other person or firm, it was not necessary

to consider the second question, namely, whether the equipment which the defendant placed or had placed in his premises was owned by him. However, the court did consider and, in our judgment, properly determined that the defendant did not own this equipment.

The amount of the judgment is a matter of computation to which no exception is noted.

No error appearing, the judgment will be affirmed.

Appellee requests that this court assess damages against defendant and require him to pay interest as specified in Section 2505.35, Revised Code. This section does not authorize the granting of damages to the appellee in the situation here presented if it be found that the appeal was prosecuted without reasonable cause. The appeal bond acted as a stay of execution, bringing into consideration that part of the section, as follows:

"* * * If such execution was stayed, on appeal, in lieu of such damages, the judgment or final order shall bear additional interest, at a rate not exceeding five per cent per annum, for the time it was stayed, to be ascertained and awarded by the court. * * *"

We are of opinion that the appeal was prosecuted without reasonable cause and that the quoted portion of the statute should be given application, and that the money judgment should bear additional interest at the rate of five per cent per annum for the period during which the appeal bond operated, namely, from the date of the judgment until the date of the entry in this court journalizing this opinion.

*Judgment accordingly.*

WISEMAN and CRAWFORD, JJ., concur.